UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

PAULINA PINEIRA,

    Plaintiff,

v.

BARCLAYS BANK.
    Defendant.

_____/

**COMPLAINT**
**JURY DEMAND**

1. Plaintiff alleges violation Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA") and alleges violation of the Florida Consume Collection Practices Act, Fla. Stat. § 559.55 et. seq. ("FCCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §1331 and 47 U.S.C. §227 and Mims v. Arrow Fin. Servs. LLC, 132 S. Ct. 740 (U.S. 2012).

3. Venue in this District is proper because Plaintiff resides here and Defendant, Barclays Bank ("Barclays") does business and placed telephone calls into this District.

4. This Court has supplemental jurisdiction under 28 U.S.C. §1367 to hear and decide any related state law issues.

**PARTIES**

5. Plaintiff, Paulina Pineira ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

6. Defendant, Barclays, is subject to the provisions of Fla. Stat. 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.55(1).

7. Defendant, Barclays, is a corporation with its principal place of business at 125 South West Street, Wilmington, Delaware, 19801.

8. Defendant, Barclays, regularly collects or attempts to collect debts for consumer credit services.

9. Defendant, Barclays, uses an automated telephone dialing system ("ATDS") to collect on past invoices and/or credit.

10. Defendant, Barclays, is a "creditor" as defined in the FCCPA Florida Statute §559.55(3).

11. Defendant, Barclays, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

12. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

## FACTUAL ALLEGATIONS

13. Beginning on or around August 1, 2015, Defendant, Barclays, attempted to communicate with Plaintiff on her cellular telephone with pre-recorded messages and/or using an Automatic Telephone Dialing System ("ATDS") for the purposes of collecting a debt.

14. The Debt arose from services, which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. §1692a(5).

LAW OFFICES OF STEVEN C. HOLZMAN, PA
4400 North Federal Highway, Lighthouse Point, FL  33064

15. On several occasions, Plaintiff answered her cellular telephone and was greeted with "dead air" for approximately 2-8 seconds and then transferred to a live employee, collectively known as ("phone calls").

16. Plaintiff alleges that the phone calls placed to Plaintiff's cellular telephone were made with an ATDS as evidenced by the characteristic period of "dead air" prior to the calling party coming onto the line.

17. Plaintiff believes, and thereupon alleges, Barclays relies heavily on the use of ATDS for contacting customers in connection with loss mitigation and default servicing efforts and has, in previous litigation, admitted to their use.

18. Plaintiff instructed Defendant to stop calling on numerous occasions.

19. Even after been asked to stop calling, Defendant continued to place phone calls to Plaintiff on her cell phone.

20. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

21. Defendants willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates Paragraphs 1 through 21.

23. Defendant Barclays, or others acting at its request, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, Barclays for:

    a. Damages;

    b. a declaration that Defendants calls violate the TCPA;

    c. a permanent injunction prohibiting Defendants from placing non emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d. Such other or further relief as the Court deems proper.

## COUNT II
## THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

24. Plaintiff incorporates Paragraphs 1 through 21.

25. In collecting consumer debts, "no person shall… willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

26. Defendant's persistent and unlawful calling campaign was carried out with the intent to abuse and harass the Plaintiff.

27. Pursuant to Florida law, Plaintiff may obtain declaration that Defendant's practices are in violation of the FCCPA, including but not limited to Fla. Stat. §§ 559.72(7), 559.72(18).

28. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

29. Plaintiff seeks a permanent injunction prohibiting Defendant and any other party from calling Plaintiff regarding the alleged debt.

30.  Plaintiff is also entitled to recover statutory damages and/or actual damages pursuant to the FCCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, Barclays, for:

a.  Damages, both statutory and actual;

b.  Declaring that Defendant's practices are in violation of the FCCPA;

c.  Permanently enjoining Defendant and any other parties from calling Plaintiff regarding the alleged debt;

d.  Attorney's fees, litigation expenses and costs of suit; and

e.  Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully Submitted,

**LAW OFFICES OF STEVEN C. HOLZMAN, PA**
Attorneys for Plaintiff
4400 North Federal Highway
Lighthouse Point, FL  33064
561.789.5366

By: /s/ *Steven C. Holzman*
STEVEN C. HOLZMAN
Fla. Bar No. 667617
scholzmanlaw@gmail.com